IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JANET L. NEWMAN, individually and )
as executrix of the ESTATE OF ALFRED )
CILELLA, deceased, )
                                                    )
          Plaintiff, )
                                                    )
    v.                                     )     No. 09 C 2908
                                                    )
THE PRUDENTIAL INSURANCE )
COMPANY OF AMERICA, and PRUCO )
LIFE INSURANCE COMPANY, )
                                                  )
          Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

    This matter is before the court on Plaintiff Janet L. Newman's (Newman) motion for leave to file a first amended complaint and motion to remand. For the reasons stated below, we grant the motion for leave to file a first amended complaint. We also grant the motion to remand.

1

## BACKGROUND

Newman alleges that she is the executrix of the estate of a deceased individual named Alfred Cilella (Decedent). Newman claims that in January and February 2007, with the assistance of a mortgage broker named Lou Anthony (Anthony), the Decedent applied for and was issued three separate life insurance policies (Policies) by Defendant Pruco Life Insurance Company (Pruco). Newman alleges that she was named the sole beneficiary for all three Policies, which were valued at $500,000, $500,000, and $250,000, respectively. Newman further alleges that the Decedent paid over $20,000 in premiums with respect to the Policies which were accepted without objection by Pruco. Newman claims that, since the Decedent's death, Pruco has refused demands made by Newman for the proceeds of the Policies. Newman brought the instant action in the Circuit Court of Cook County and includes in her complaint three claims for breach of contract against Pruco, one for each of the three Policies. Defendants removed the instant action to this court and have filed a counterclaim for rescission. Newman now seeks leave to file a first amended complaint joining Anthony as a Defendant and also seeks to remand the instant action to state court based on the amended complaint.

# LEGAL STANDARD

Removal is proper if it is based on statutorily permissible grounds, 28 U.S.C. § 1441, and if it is timely. 28 U.S.C. § 1446; *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529-32 (7th Cir. 2004). The party seeking to remove an action and invoking federal jurisdiction "bears the burden of demonstrating that removal is proper." *Id.* A motion to remand a case to state court that is based "on any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). The Seventh Circuit has cautioned that "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum" and that "[a]ny doubt regarding jurisdiction should be resolved in favor of the states." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

Pursuant to Federal Rule of Civil Procedure 15, "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . ." Fed. R. Civ. P. 15(a). A party who wishes to amend a pleading after the opposing party has filed an answer may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(b). Such leave is "freely give[n] . . . when justice so requires." *Id.* However, joinder of additional non-diverse parties after an action has been removed to federal court is governed under

28 U.S.C. § 1447(e) (Section 1447(e)), which states that "[i]f after removal a plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Id.*

**DISCUSSION**

Newman seeks to amend her complaint, adding Anthony as a party to the action, and also seeks to have the instant action remanded under Section 1447(e) since Anthony is a non-diverse defendant whose presence in the action would defeat diversity subject matter jurisdiction. Defendants argue that the instant motions represent an attempt by Newman to destroy federal diversity jurisdiction and that both motions should be denied. Defendants contend that the attempt to join Anthony to the instant action constitutes a fraudulent joinder since Newman cannot possibly prevail in a cause of action against Anthony. In addition, Defendants argue that, even if the proposed amended complaint is not a fraudulent joinder, equitable considerations dictate the denial of joinder under Section 1447(e). Newman argues that, contrary to Defendants' assertion that Anthony is fraudulently joined, Anthony is, in fact, an indispensable party who must be joined to the instant action. Newman further argues that the balancing of the equities favors joining Anthony to the instant

4

action and remanding it to state court.


I. Fraudulent Joinder

Defendants first argue that Newman's attempt to join Anthony to this action constitutes fraudulent joinder since Newman cannot possibly prevail on the proposed claim against Anthony. According to the Seventh Circuit, "[f]raudulent joinder occurs either when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). In this case, there is nothing to suggest an outright fraud on the part of Newman in jurisdictional pleadings and, thus, Defendants must show that Newman's proposed cause of action against Anthony cannot succeed. *Id.* Fraudulent joinder is "a heavy burden" for a defendant to establish and such a defendant must show that the cause of action would fail even after "resolving all issues of fact *and law* in favor of the plaintiff. . . ." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)(emphasis in original); *see also Wolf v. Kennelly*, 2009 WL 2178674, at *3 (7th Cir. 2009)(stating that the standard for establishing fraudulent joinder is "much more imposing" than the standard for establishing misjoinder).

Newman's proposed amended complaint includes a fourth count for

professional negligence under Illinois law against Anthony. Defendants first contend that Newman has not stated a claim for professional negligence against Anthony. A claim for professional negligence under Illinois law requires a plaintiff to establish "'(1) the existence of a professional relationship, (2) a breach of duty arising from that relationship, (3) causation, and (4) damages.'" *Maxwell v. KPMG, LLP*, 2007 WL 2091184, at *4 (N.D. Ill. 2007)(quoting *MC Baldwin Fin. Co. v. DiMaggio, Rosario & Veraja, LLC*, 560 N.E.2d 1180, 1181 (Ill. 1990)); *see also Dausch v. Rykse*, 52 F.3d 1425, 1434 (7th Cir. 1994)(stating that "'[t]he elements of a malpractice action are the same elements required of any negligence action'")(quoting *St. Paul Fire & Marine Ins. Co. v. Downs*, 617 N.E.2d 338, 345 (Ill. 1993)).

In her proposed amended complaint, Newman has included allegations that Anthony had a professional relationship with respect to the Decedent and that Anthony provided professional advice with respect to the Decedent's applications for life insurance. With that professional advice, Newman contends came a duty of care that Newman alleges Anthony breached when he failed to adequately check the applications to see if they were correctly completed. Finally, Newman asserts that such professional negligence by Anthony was a proximate cause of the Decedent's Policies allegedly being left incomplete. Defendants assert in a conclusory fashion that Newman's allegations are too vague and that such allegations fail to state a claim, but Defendants have pointed to nothing to specifically show that Newman

could not possibly succeed in her claim against Anthony under Illinois law. *See Schwartz v. State Farm Mut. Auto Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999)(finding that joinder was fraudulent in a case where the claim asserted against the non-diverse defendant had never been recognized under the applicable state law); *Hoosier Energy Rural Elec. Co-op, Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315-16 (7th Cir. 1994)(finding that joinder was fraudulent when a provision in the contract at issue barred the claim against the non-diverse defendant).

Defendants also contend that Newman could not prevail against Anthony since her professional negligence claim would be time-barred. Defendants point out that under 735 ILCS 5/13-214.4, there is a two-year statute of limitations with respect to Newman's claim against Anthony and that Anthony's conduct is alleged to have occurred in January and February 2007, which is more than two years before the instant action was filed. Under Illinois law, "a cause of action accrues, and the statute of limitations begins to run, when the party 'knows or reasonably should know both that an injury has occurred and that it was wrongfully caused.'" *LeBlang Motors, Ltd. v. Subaru of America, Inc.*, 148 F.3d 680, 690-91 (7th Cir. 1998)(quoting in part *Nolan v. Johns-Manville Asbestos*, 421 N.E.2d 864, 868 (Ill. 1981)). Under Illinois law, "usually the determination of when the statute of limitations begins to run is a question of fact for the jury" except "'where it is apparent from the undisputed facts . . . that only one conclusion can be drawn.'" *Id.* at 691 n.6 (quoting in part *Witherell v. Weimer*, 421 N.E.2d 869, 874 (Ill. 1981)).

Defendants argue that since the Decedent purportedly acknowledged receipt of the Policies by March 27, 2007, the only conclusion that can be drawn is that the cause of action began to accrue by that date and Newman's claim against Anthony is time-barred. However, Defendants' reliance on the purported date that the Decedent received documentation of the Policies is not sufficient to show conclusively at this stage in the litigation that Newman's claims are time-barred. More information is necessary to establish under Illinois law precisely when the Decedent reasonably became aware or should have become aware of the alleged misconduct by Anthony. According to Newman, the alleged negligence on Anthony's part did not become apparent until after the instant action was filed. We stress that we are not ruling, at this juncture, on the merits of the issue of whether Newman's proposed claim against Anthony is time-barred. However, the issue before us is whether the Defendants have met their "imposing" burden of showing that Newman cannot possibly prevail in the proposed claim against Anthony. *Wolf*, 2009 WL 2178674, at *3. Defendants have not done so and we, therefore, find that Defendants have not shown that there is fraudulent joinder with respect to Newman's proposed professional negligence claim against Anthony in the proposed amended complaint.

II. Equitable Considerations

Defendants also argue that the court should deny the motion for leave to amend the complaint and the motion to remand based on equitable considerations

associated with Section 1447(e). Jurisdiction, for the most part, is determined at the time of removal and generally may not be destroyed by a change in circumstance after a proper removal. *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993). However, Section 1447(e) explicitly allows a plaintiff to amend a complaint to join non-diverse parties in certain circumstances and further requires a district court to remand the action in a case where it has allowed a plaintiff to subsequently join a non-diverse party. 28 U.S.C. § 1447(e); *Walters v. Edgar*, 163 F.3d 430, 432 (7th Cir. 1998)(stating that "the principle that jurisdiction once acquired is not defeated by a change of circumstances is not exceptionless"); *Irish v. Burlington Northern Santa Fe R. Co.*, 2009 WL 1963131, at *4 (W.D. Wis. 2009)(pointing to Section 1447(e) as a specific example where the "time of removal" rule may not apply).

Section 1447(e) gives the district court a choice to either allow joinder and remand the action back to state court or disallow joinder and proceed with the case in federal court. 28 U.S.C. § 1447(e). To decide which avenue to take, other courts have considered four equitable factors: "(1) the plaintiff's motivation in seeking to join the additional party, particularly whether joinder is sought solely to defeat federal jurisdiction; (2) the timeliness of the request; (3) the prejudice to the parties; and (4) other equitable considerations, including defendant's interest in maintaining a federal forum." *Fuentes v. Ecolab Inc.*, 2007 WL 772924, at *1 (N.D. Ill. 2007); *Bostrom v. Target Corp.*, 2006 WL 3370176, at *1 (N.D. Ill. 2006); *Perez v. Arcobaleno Pasta Machines, Inc.*, 261 F. Supp. 2d 997, 1001 (N.D. Ill. 2003).

With respect to Newman's motivation for seeking to join Anthony, Defendants argue that the timing of the request should arouse suspicion. Defendants argue that Newman knew about Anthony's role at the time that the original complaint was filed, but did not seek to include Anthony as a party until after the action was removed. However, in her reply, Newman explains that at the time that the original complaint was filed, Newman was not capable of being fully aware of the precise nature of Anthony's alleged omissions since Anthony had not provided various documents to Newman's counsel that he had promised to provide. Newman asserts that, subsequent to filing the instant action, Anthony ceased cooperating with Newman's counsel and has persisted in refusing to turn over important documents. The information presented by Newman is sufficient to show that Newman does not seek to add Anthony as a party solely for the purpose of defeating diversity jurisdiction in this action. Newman has offered a reasonable explanation for failing to join Anthony as a defendant in the original complaint. Even though it is undisputed that Newman knew of Anthony's involvement at the time the original complaint was filed, Newman's counsel has represented to the court that Newman moved to amend the complaint promptly after the recent developments with Anthony. Therefore, the court does not conclude that Newman is seeking to amend the complaint as a mechanism for defeating diversity jurisdiction.

With respect to the timeliness of the instant action, we note that Newman has not been dilatory in seeking to amend the complaint. The instant motions were filed

while the instant action was still in its early stages and, in fact, prior to the date that Defendants answered the complaint. Furthermore, as noted above, Newman's counsel represents that there have been recent developments with Anthony since the filing of the instant action which Newman believes have necessitated the filing of the amended complaint. Other courts have found significantly longer delays to be nonetheless timely when considering post-removal motions to amend. *See e.g., Fuentes*, 2007 WL 772924, at *1 (holding that a plaintiff was not dilatory in seeking leave to amend six months after the removal since the plaintiff sought the amendment less than one month after the plaintiff learned of a new cause of action against a non-diverse party); *Kortum v. Raffles Holdings Ltd.*, 2002 WL 31455994, at *4-5 (N.D. Ill. 2002)(finding that the plaintiff had "presented a compelling case in support of his motion for leave to file an amended complaint" a short period of time after learning, during the deposition of a defense witness, of the existence other non-diverse defendants). Therefore, the second equitable factor weighs in favor of allowing the motion to amend.

With regard to the third equitable factor in balancing the relative prejudice that would be caused by allowing or denying joinder, the court concludes that there would be a significant prejudice to Newman if joinder is not permitted. Denying Newman's request to join Anthony to the instant action would likely require Newman to initiate a second action in state court which would have a substantial number of issues overlapping with the instant action. Such a result would be a waste

of judicial resources and judicial economy considerations militate in favor of allowing joinder.

Finally, we recognize, of course, that Defendants have an interest in litigating this action in federal court. However, as we previously noted, this action is still in the very early stages and there is no extraordinary interest Defendants would have in litigating this action in federal court that would outweigh the other equitable factors which weigh in favor of allowing joinder. Overall, the equitable factors weigh in favor of allowing Newman to amend her complaint to include Anthony as a party. Therefore, we grant Newman's motion for leave to amend the complaint and grant Newman's motion to remand.

## CONCLUSION

Based on the foregoing analysis, we grant Newman's motion to amend the complaint. We also grant Newman's motion to remand and remand the instant action to state court.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 11, 2009